**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

RICKEY BROOKS
ADC # 108335                                                                                                    PLAINTIFF

V.                                         5:09CV00017 JMM/HDY

LARRY NORRIS, Director, Arkansas Department
of Correction; GRANT HARRIS, Warden, Varner
Unit, Arkansas Department of Correction; MARSHALL
D. REED, Warden, Ouachita Regional Unit;
Arkansas Department of Correction; GAYLIN
LAY, Warden, Cummins Unit, Arkansas Department
of Correction; and COMELLA GARRETT,
Supervisor, Varner Unit, Arkansas Department of Correction                        DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and

1

recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff, an inmate in the custody of the Arkansas Department of Correction, filed this action claiming constitutional violations related to his application for a meritorious furlough. However, his Complaint (docket entry #1) was not accompanied by the statutory filing fee or a Motion for *In Forma Pauperis* Status. Accordingly, on January 26, 2009, the Court issued an Order directing

Plaintiff to submit, within thirty days, either the $350 filing fee or an Application to Proceed *In Forma Pauperis* (docket entry #2).

This Order notified Plaintiff of his obligations under Local Rule 5.5(c)(2)[1], and was mailed to Plaintiff at his last-known address, the Cummins Unit of the Arkansas Department of Correction. It has not been returned as undelivered. The Court has had no further communication from Plaintiff since January 27, 2009, when he submitted a request for a trial by jury. He has not complied with the Court's January 26th Order by paying the filing fee or requesting pauper status, and far more than thirty days have elapsed since the entry date of that Order.

Under the circumstances, the Court concludes that this case should therefore be dismissed, without prejudice, due to Plaintiff's failure to prosecute the action diligently and his failure to respond to the Court's order. FED. R. CIV. P. 41(b)(district court may dismiss case for failure to prosecute or comply with court orders); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (district court has power to dismiss sua sponte under Rule 41(b)); *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986)(quoting *Haley v. Kansas City Star*, 761 F.2d 489, 491 (8th Cir. 1985))(a district court has the power to dismiss an action for the plaintiff's failure to comply with *any* court order; such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff'")(emphasis added); *Garrison v. Int'l Paper Co.*, 714 F.2d

---

[1] Local Rule 5.5(c)(2): "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

757, 759 (8th Cir. 1983)(it is well settled that the district court has inherent power, acting on its own initiative, to dismiss a cause of action with prejudice for want of prosecution).

IT IS THEREFORE RECOMMENDED that Plaintiff's Complaint (docket entry #1) be dismissed without prejudice for failure to comply with Local Rule 5.5(c)(2), and all pending motions be DENIED AS MOOT.

DATED this   17   day of March, 2009.

_____
UNITED STATES MAGISTRATE JUDGE